# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB WILSON, <br> TY CARTS, <br> LEWIS GROVE, <br> COLIN KRIEGER, <br> BRANDEN RONALD, <br> individually and on behalf of all <br> other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> WINGS OVER HAPPY VALLEY <br> MDF, LLC d/b/a WINGS OVER <br> HAPPY VALLEY and <br> STEVEN C. MOREIRA, <br><br> Defendants. <br> _____ | No. <br><br><br><br> COMPLAINT—CLASS ACTION |

# COMPLAINT

The Plaintiffs, Jacob Wilson, Ty Carts, Lewis Grove, Colin Krieger, and Branden Ronald, individually and on behalf of all other similarly situated individuals, by and through the undersigned counsel, hereby bring this action against the Defendants, Wings Over Happy Valley MDF, LLC d/b/a Wings Over Happy Valley and Steven C. Moreira, for overtime and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Pennsylvania Minimum Wage Act ("Minimum Wage Act"), 43 P.S. §§ 333.101 to 333.115, and the Pennsylvania Wage Payment and Collection Law ("Wage Payment and Collection

Law"), 43 P.S. §§ 260.1 to 260.45. Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs' Minimum Wage Act and Wage Payment and Collection Law claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23. In support of their Complaint, Plaintiffs allege as follows:

## PARTIES

1. Plaintiff Jacob Wilson is an adult resident of the Commonwealth of Pennsylvania who was formerly employed as a delivery driver at Defendants' restaurant.

2. Plaintiff Ty Carts is an adult resident of the Commonwealth of Pennsylvania who was formerly employed as a delivery driver at Defendants' restaurant.

3. Plaintiff Lewis Grove is an adult resident of the Commonwealth of Pennsylvania who was formerly employed as a delivery driver at Defendants' restaurant.

4. Plaintiff Colin Krieger is an adult resident of the Commonwealth of Pennsylvania who was formerly employed as a delivery driver at Defendants' restaurant.

5. Plaintiff Branden Ronald is an adult resident of the Commonwealth of Pennsylvania who was formerly employed as a delivery driver at Defendants' restaurant.

6. Defendant Wings Over Happy Valley MDF, LLC, which is doing business as "Wings Over Happy Valley," is a Pennsylvania limited liability company whose principal place of business is located at 244 West Hamilton Avenue, State College, Pennsylvania, 16801.

7. Defendant Steven C. Moreira is an adult resident of the Commonwealth of Pennsylvania who, upon information and belief, is the sole member of Defendant Wings Over Happy Valley MDF, LLC.

**JURISDICTION AND VENUE**

8. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter involves federal questions.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because the Defendants reside, and a substantial part of the events and/or omissions giving rise to this claim occurred, within the territorial bounds of the Court.

## FACTUAL BACKGROUND

### I. Defendants' Unlawful Tip Pooling Practices

10. The Defendants, Wings Over Happy Valley MDF, LLC d/b/a Wings Over Happy Valley and Steven C. Moreira, own and operate a take-out restaurant in State College, Pennsylvania.

11. In this collective and class action lawsuit, the Plaintiffs, on behalf of themselves and all other similarly situated individuals, seek the return of wages that were taken from them pursuant to an illegitimate, unlawful, and unapproved "tipping pool" during the course of their duties as delivery drivers for Defendants.

12. The FLSA and Minimum Wage Act require employers to pay their employees a minimum wage of $7.25 per hour, except for any tipped employee.

13. Under the resulting "tip credit," employers may pay any tipped employee an hourly rate below the aforementioned minimum wage so long as "all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

14. The only exception to the tip credit provision is for authorized "tip pools," under which employers may direct tipped employees to share tips "among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

15. As Defendants' delivery drivers, Plaintiffs and all other similarly situated individuals drove their personal vehicles to deliver chicken wings, sandwiches, ribs, and other food items to Defendants' customers.

16. Throughout their duties, Plaintiffs and all other similarly situated individuals received pay rates based on a tip credit.

17. Because Defendants paid their delivery drivers less than the standard minimum wage, customer tips constituted the majority of Plaintiffs and all other similarly situated individuals' compensation.

18. However, despite paying delivery drivers less than the standard minimum wage, Defendants routinely required, and upon information and belief continue to require, all delivery drivers to "tip out" approximately 8% of their tips and provide those tips to kitchen workers at Defendants' restaurant.

19. Through this tip pool, Defendants use the compensation earned by Plaintiffs and all other similarly situated individuals to compensate other employees, namely the aforementioned kitchen workers.

20. Defendants' kitchen workers are not "employees who customarily and regularly receive tips." 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

21. For the foregoing reasons, Defendants have violated the FLSA and Minimum Wage Act by wrongfully retaining the wages of Plaintiffs and all other

similarly situated individuals, so that Defendants could avoid their responsibility to pay their kitchen workers an appropriate wage.

22. Upon information and belief, Defendants were at all times able to compensate kitchen workers the standard market rate without requiring delivery drivers to supplement those individuals' compensation.

## II. Defendants' Unlawful Retainer of Wages

23. The Wage Payment and Collection Law requires employers to pay their employees on the posted pay days.

24. By unlawfully retaining a portion of Plaintiffs and all other similarly situated employees' pay, Defendants have violated the Wage Payment and Collection Law.

## III. Collective Action Allegations

25. Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all delivery drivers who were employed by Defendants within the last three years ("Collective Plaintiffs").

26. Plaintiffs' claims are typical of the claims of Collective Plaintiffs, because Plaintiffs, like all Collective Plaintiffs, were Defendants' employees whom Defendants directed to participate in the aforementioned, unlawful tip pool.

27. Plaintiffs will fairly and adequately protect the interests of all Collective Plaintiffs, because Plaintiffs' interests are coincident with, and not antagonistic to, those of the Collective Plaintiffs.

28. No difficulties are likely to be encountered with the management of this collective action that would preclude its maintenance as such.

29. Similarly situated individuals are known to Defendants, are readily identifiable by Defendants, and can be easily located through Defendants' records.

30. Plaintiffs do not know the exact number of Collective Plaintiffs, as such information is in Defendants' control, but Plaintiffs believe the number of Collective Plaintiffs exceeds fifty.

31. Questions of law and fact are common to the members of this collective action and predominate over questions that affect only individual members of the collective action; those common questions of law and fact include, but are not necessarily limited to, whether Defendants engaged in a tip pool that violates the FLSA and associated regulations, how much money Defendants unlawfully retained through the aforementioned tip pool, and how much money Plaintiffs and Collective Plaintiffs are entitled to receive from Defendants.

32. For the foregoing reasons, Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees who are similarly situated, pursuant to the "opt-in" provisions of the FLSA.

## IV. Class Action Allegations

33. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring their claims for relief on behalf of themselves and those similarly situated.

34. Specifically, Plaintiffs bring this action on behalf of all delivery drivers who were employed by Defendants within the last three years ("Class Plaintiffs").

35. The class is so numerous that the joinder of all Class Plaintiffs is impracticable.

36. Plaintiffs do not know the exact number of Class Plaintiffs, as such information is in Defendants' control, but Plaintiffs believe the number of Class Plaintiffs exceeds fifty.

37. Plaintiffs' claims are typical of the claims of the putative class members, because Plaintiffs, like all Class Plaintiffs, were Defendants' employees whom Defendants directed to participate in the aforementioned, unlawful tip pool.

38. Plaintiffs will fairly and adequately protect the interests of all Class Plaintiffs, because Plaintiffs' interests are coincident with, and not antagonistic to, those of the Class Plaintiffs.

39. No difficulties are likely to be encountered with the management of this class action that would preclude its maintenance as such.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as such treatment will allow all similarly situated individuals to pursue their common claims in a single forum simultaneously, while prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants, and the amount at stake of individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

41. Questions of law and fact are common to the members of this class action and predominate over questions that affect only individual members of the class action; those common questions of law and fact include, but are not necessarily limited to, whether Defendants engaged in a tip pool that violates the Minimum Wage Act and associated regulations, how much money Defendants unlawfully retained through the aforementioned tip pool, and how much money Plaintiffs and Class Plaintiffs are entitled to receive from Defendants.

42. For the foregoing reasons, Plaintiffs should be permitted to bring this action as a class action for and on behalf of themselves and those employees who are similarly situated, pursuant to Federal Rule of Civil Procedure 23.

## COUNT ONE:
## COLLECTIVE FAIR LABOR STANDARDS ACT VIOLATIONS

43. The allegations set forth in paragraphs one through forty-two are hereby incorporated by reference as if set forth fully herein.

44. At all times relevant to the allegations set forth in this Complaint, Defendants were the "employer" of Plaintiffs and all other similarly situated individuals, as that term is set forth in the FLSA.

45. The actions set forth above constitute a violation of the FLSA, in that Defendants failed to pay Plaintiffs and all other similarly situated individuals the totality of their legally owed wages.

46. The actions set forth above constitute a willful violation of the FLSA, as defined by 29 U.S.C. § 255(a).

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and all other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.

48. For the foregoing reasons, Plaintiffs and all other similarly situated individuals are entitled to the recovery of liquidated damages, reasonable attorneys' fees, and costs for pursuing their rights set forth in the FLSA.

WHEREFORE, the Plaintiffs, Jacob Wilson, Ty Carts, Lewis Grove, Colin Krieger, and Branden Ronald, individually and on behalf of similarly situated individuals, respectfully request that this Court enter judgment in their favor and

against the Defendants, Wings Over Happy Valley MDF, LLC d/b/a Wings Over Happy Valley and Steven C. Moreira, designating this action as a collective action, issuing notice as soon as reasonably possible to all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and awarding Plaintiffs and all other similarly situated individuals back pay, liquidated damages, prejudgment interest, monetary penalties to the furthest extent permitted by law, litigation costs, expenses, and reasonable attorneys' fees, together with any and all other relief that this Court deems just and appropriate.

## COUNT TWO:
## PENNSYLVANIA MINIMUM WAGE ACT

49. The allegations set forth in paragraphs one through forty-eight are hereby incorporated by reference as if set forth fully herein.

50. At all times relevant to the allegations set forth in this Complaint, Defendants were the "employer" of Plaintiffs and all other similarly situated individuals, as that term is set forth in the Minimum Wage Act.

51. The actions set forth above constitute a violation of the Minimum Wage Act, in that Defendants failed to pay Plaintiffs and all other similarly situated individuals all of their legally owed wages.

52. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and all other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.

53. For the foregoing reasons, Plaintiffs and all other similarly situated individuals are entitled to the recovery of liquidated damages, reasonable attorneys' fees, and costs for pursuing their rights set forth in the Minimum Wage Act.

WHEREFORE, the Plaintiffs, Jacob Wilson, Ty Carts, Lewis Grove, Colin Krieger, and Branden Ronald, individually and on behalf of similarly situated individuals, respectfully request that this Court enter judgment in their favor and against the Defendants, Wings Over Happy Valley MDF, LLC d/b/a Wings Over Happy Valley and Steven C. Moreira, designating this action as a class action, issuing notice as soon as reasonably possible to all similarly situated individuals, and awarding Plaintiffs and all other similarly situated individuals back pay, liquidated damages, prejudgment interest, monetary penalties to the furthest extent permitted by law, litigation costs, expenses, and reasonable attorneys' fees, together with any and all other relief that this Court deems just and appropriate.

## COUNT THREE:
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

54. The allegations set forth in paragraphs one through fifty-three are hereby incorporated by reference as if set forth fully herein.

55. At all times relevant to the allegations set forth in this Complaint, Defendants were the "employer" of Plaintiffs and all other similarly situated individuals, as that term is set forth in the Wage Payment and Collection Law.

56. The actions set forth above constitute a violation of the Wage Payment and Collection Law, in that Defendants failed to pay Plaintiffs and all other similarly situated individuals all of their legally owed wages.

57. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and all other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.

58. For the foregoing reasons, Plaintiffs and all other similarly situated individuals are entitled to the recovery of liquidated damages, reasonable attorneys' fees, and costs for pursuing their rights set forth in the Wage Payment and Collection Law.

WHEREFORE, the Plaintiffs, Jacob Wilson, Ty Carts, Lewis Grove, Colin Krieger, and Branden Ronald, individually and on behalf of similarly situated individuals, respectfully request that this Court enter judgment in their favor and against the Defendants, Wings Over Happy Valley MDF, LLC d/b/a Wings Over Happy Valley and Steven C. Moreira, designating this action as a class action, issuing notice as soon as reasonably possible to all similarly situated individuals, and awarding Plaintiffs and all other similarly situated individuals back pay, liquidated damages, prejudgment interest, monetary penalties to the furthest extent permitted by law, litigation costs, expenses, and reasonable attorneys' fees, together with any and all other relief that this Court deems just and appropriate.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

*s/ David B. Consiglio*
David B. Consiglio
I.D. No. PA72772
David S. Gaines, Jr.
I.D. No. PA308932
MILLER, KISTLER & CAMPBELL
720 South Atherton Street, Suite 201
State College, PA 16801
(814) 234-1500 TEL
(814) 234-1549 FAX
dconsiglio@mkclaw.com
dgaines@mkclaw.com
*Counsel for Plaintiffs*

Dated: May 24, 2017