# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB WILSON, | : | |
| TY CARTS, | : | |
| LEWIS GROVE, | : | |
| COLIN KRIEGER, | : | |
| BRANDEN RONALD, | : | |
| Individually and on behalf of all | : | |
| other similarly situated individuals, | : | |
|     Plaintiffs | : | No. 4:17-cv-00915 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WINGS OVER HAPPY VALLEY | : | |
| MDF, LLC d/b/a WINGS OVER | : | |
| HAPPY VALLEY and | : | |
| STEVEN C. MOREIRA, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is: (1) Plaintiffs' motion to dismiss Defendants Wings Over Happy Valley MDF, LLC ("Wings Over Happy Valley"), and Steven C. Moreira's counterclaims against Plaintiff Jacob Wilson pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 11); (2) Plaintiffs' motion for leave to file a first amended complaint (Doc. No. 10); and (3) Defendants' motion to strike and deem Plaintiffs' motion for leave to file a first amended complaint withdrawn (Doc. No. 16). For the following reasons, the Court will grant Plaintiffs' motion to dismiss, deem Plaintiffs' motion for leave to file an amended complaint withdrawn, and deny Defendants' motion to strike as moot.

## I. BACKGROUND[1]

On May 24, 2017, Plaintiffs Jacob Wilson, Ty Carts, Lewis Grove, Colin Krieger, and Braden Ronald filed a putative collective and class action complaint (Doc. No. 1), alleging

---

[1] The following factual background is taken from the allegations of Plaintiffs' complaint and Defendants' Answer to Plaintiffs' complaint. (Doc. Nos. 1, 9.)

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 et seq., and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 et seq.[2] (Id. at 1.) Plaintiffs claim that they were formerly employed as delivery drivers at Defendants' restaurant, Wings Over Happy Valley. (Id. ¶¶ 1-5.) While employed as drivers, Plaintiffs allege that they received wages below minimum wage because a portion of their compensation came from tips from customers. (Id. ¶¶ 16-17.) The FLSA and the PMWA provide for this kind of tip-based supplement to minimum wage. (Id. ¶ 13.) However, Plaintiffs claim that Defendants violated the FLSA and the PMWA by requiring them to share their tips in a "tip pool" with kitchen workers. (Id. ¶¶ 14, 18.) Plaintiffs assert that this tip pool was illegal because Defendants' kitchen workers are not "employees who customarily and regularly receive tips" under the FLSA and the PMWA. (Id. ¶¶ 20-21.) By not paying Plaintiffs the appropriate wages, Plaintiffs claim Defendants also violated Pennsylvania's Wage Payment and Collection Law. (Id. ¶ 24.)

Defendants filed an answer to the complaint on July 21, 2017. (Doc. No. 9.) In their answer, Defendants assert four state law counterclaims against Plaintiff Wilson, including fraud, negligent misrepresentation, intentional misrepresentation, and breach of the duty of loyalty. (Id. ¶¶ 92-100.) These counterclaims are based on Wilson's dual employment with Defendants. (Id. ¶ 82.) Specifically, Defendants claim that Wilson worked as both a delivery driver and a driver manager. (Id.) Wilson was paid a higher hourly wage when he was working as a manager; therefore, he was required to track the time he spent working in each role so that he could be appropriately compensated. (Id. ¶¶ 83-86.) However, Defendants claim that Wilson would falsely enter his time as though he were working as a manager when he was actually working as

---

[2] Plaintiffs seek to litigate their FLSA claims collectively pursuant to 29 U.S.C. § 216(b), and to litigate their PMWA and PWPCL claims as a class action pursuant to Federal Rule of Civil Procedure 23. No class or collective action has yet been certified by the Court.

2

a driver.  (Id. ¶¶ 87-88.)  Therefore, Defendants claim that Wilson was overpaid for his work as a driver because he collected the wages of a manager, and he also collected tip income when he was a driver.  (Id. ¶ 88.)

On August 9, 2017, Plaintiffs filed a motion for leave to file a first amended complaint.  (Doc. No. 10.)  In that motion, Plaintiffs explain that they seek to file a first amended complaint removing Plaintiff Wilson from the lawsuit because, through the counterclaims, Defendants challenge his ability to adequately represent the putative class members.  (Id. ¶ 2.)  Plaintiffs invoke Federal Rules of Civil Procedure 15(a) and 21 as authority for the propositions that a plaintiff can file one amended complaint as of right within twenty-one (21) days after service of a responsive pleading, and that the court may drop a party pursuant to a motion.  (Id. ¶¶ 4-5.)  Plaintiffs did not file a brief in support of the motion.  On August 25, 2017, Defendants filed a motion to strike and deem withdrawn Plaintiffs' motion to file a first amended complaint (Doc. No. 16), arguing that because Plaintiffs did not file a brief in support of their motion to file a first amended complaint within the requisite fourteen (14) days dictated by Local Rule 7.5, Plaintiffs' motion should be stricken from the record and deemed withdrawn.  (Doc. No. 17 at 4-5.)

Previously, on the same date they filed their motion for leave to file a first amended complaint, Plaintiffs filed a motion to dismiss Defendants' counterclaims against Plaintiff Wilson pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. No. 11.)  In their corresponding brief, Plaintiffs argue that this Court does not have subject matter jurisdiction over Defendants' counterclaims against Plaintiff Wilson, either because Wilson will be removed as a plaintiff if the Court grants Plaintiffs' motion for leave to file a first amended complaint, resulting in unrelated counterclaims against a nonparty, or because Defendants' counterclaims are permissive, not compulsory, and the Court should decline to exercise supplemental

jurisdiction over the counterclaims. (Doc. No. 12 at 5-10.) In Defendants' brief in opposition to the motion to dismiss (Doc. No. 15), Defendants argue that this Court has subject matter jurisdiction over its counterclaims against Plaintiff Wilson, as they maintain that the counterclaims are compulsory, not permissive, involving the same transaction or occurrence as Plaintiffs' claims against Defendants. (Id. at 8-13.) Alternatively, Defendants argue that even if the counterclaims are permissive, this Court should exercise supplemental jurisdiction over the counterclaims because they share significant factual overlap with Plaintiffs' claims. (Id. at 13-15.) The motions are ripe for disposition.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss a counterclaim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If a challenge to subject matter jurisdiction depends on a facial attack of the pleadings, "the court must consider the allegations of the complaint as true," as it would with regard to a motion to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6). Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). However, a motion that challenges "the existence of subject matter jurisdiction in fact, quite apart from any pleadings," does not require a court to consider all allegations of the complaint as true, and the court is free to weigh the evidence in an effort to ensure that it has power to hear the case. Id. When subject matter jurisdiction is challenged, the burden of proof that jurisdiction exists rests with the party asserting jurisdiction. Id.

Pursuant to Federal Rule of Civil Procedure 13(a), a district court has subject matter jurisdiction over a counterclaim if the counterclaim is compulsory, meaning it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). "It is settled that compulsory counterclaims which are otherwise purely state-law

claims are nonetheless ancillary to an underlying federal claim, and may be brought in federal court without an independent jurisdictional basis." Ambromovage v. United Mine Workers of Am., 726 F.2d 972, 988 (3d Cir. 1984). In order to determine whether a counterclaim is compulsory, the court must consider whether the counterclaim "bears a logical relationship to an opposing party's claim." Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978). The Third Circuit has described this "logical relationship" as follows:

> A counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of res judicata compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.

Id. (quoting Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir. 1961)). "Thus, a detailed analysis must be made to determine whether the claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties." Id.

If a counterclaim does not arise out of the same transaction or occurrence as the opposing party's claim, it is a "permissive" counterclaim. Fed. R. Civ. P. 13(b). In order for a district court to have subject matter jurisdiction over a permissive counterclaim, the counterclaim must have an independent basis for federal jurisdiction. Ambromovage, 726 F.2d at 988. 28 U.S.C. § 1367 provides a potential independent basis upon which a district court can exercise jurisdiction over a state law counterclaim. Section 1367 provides that a district court has supplemental jurisdiction over a counterclaim if it is "so related to claims in the action within such original jurisdiction that [it forms] part of the same case or controversy under Article III of the United

States Constitution." Id. "Claims are part of the same case or controversy if they share significant factual elements." HB Gen. Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1198 (3d Cir. 1996).

## III. DISCUSSION

### A. Plaintiffs' Motion to Dismiss

In their motion to dismiss, Plaintiffs argue that the Court lacks subject matter jurisdiction over Defendants' counterclaims, as they are permissive, not compulsory, and that this Court should decline to exercise supplemental jurisdiction over the permissive counterclaims. (Doc. No. 12 at 8-11.) Defendants counter that their counterclaims are compulsory, arguing that they involve the same transaction or occurrence as Plaintiffs' claims. (Doc. No. 15 at 8-13.) Alternatively, Defendants argue that if their counterclaims are permissive, this Court should exercise supplemental jurisdiction over the counterclaims because they share significant factual overlap with Plaintiffs' claims. (Id. at 13-15.)

After careful review of the parties' submissions and the relevant authority, the Court finds that the counterclaims asserted by Defendants in their answer to Plaintiffs' complaint are not compulsory, as there is not sufficient factual or legal overlap between Plaintiffs' claims and Defendants' counterclaims such that there is a "logical relationship" between the two sets of claims. In this case, Plaintiffs' claims are putative collective and class action claims brought pursuant to the FLSA, the PMWA, and the PWPCL. (Doc. No. 1. at 1.) These three claims are predicated on the existence of an illegal tipping pool through which Plaintiffs were allegedly required to share tips with employees who do not regularly receive tips. (Id. ¶¶ 11-21.) Because of this tipping pool, Plaintiffs assert that they were not paid the totality of their lawfully owed wages. (Id. ¶¶ 45, 51, 56.) To prove their claims, Plaintiffs must establish, at a minimum, that

their compensation was based on a "tip credit," and that their employer improperly retained all or some portion of their tips.  See 29 U.S.C. § 203(m);  43 P.S. § 333.103(d).

In contrast, Defendants' counterclaims are asserted against a single individual, Plaintiff Wilson, and are premised on the assertion that Plaintiff Wilson "would falsely enter his time as though he were working as Driver Manager, when in reality Mr. Wilson was actually working as a Delivery Driver."  (Doc. No. 9 ¶ 87.)  Wilson's misrepresentations allegedly resulted in Defendants paying him as if he were working as a manager, when he was in fact working as a driver.  (Id. ¶ 88.)  As noted above, Defendants' counterclaims consist of claims of negligent misrepresentation, intentional misrepresentation, fraud, and breach of the duty of loyalty.  (Doc. No. 9 ¶¶ 92-100.)  In order to succeed on their counterclaims, Defendants would need to show, at a minimum, that Wilson misrepresented the time he spent in each of his employment roles, and that he did so negligently or intentionally.

These claims and counterclaims – one set involving putative class and collective action allegations regarding multiple Plaintiffs' potential underpayment as delivery drivers due to an illegal tipping pool, and another set involving claims against an individual employee for fraud/misrepresentation arising out of his dual role as a delivery driver and delivery manager -- simply do not involve sufficient overlap of facts or law so as to make the counterclaims compulsory.  Certainly, the fact that the claims and counterclaims arose in the context of one employment relationship (at least as to Plaintiff Wilson) is not alone sufficient to make the counterclaims compulsory.  See Stewart v. Lamar Advertising of Penn LLC, Nos. 03-2914, 03-2690, 03-5293, 2004 WL 90078, at * 2 (E.D. Pa. Jan. 14, 2004) ("[T]he mere fact that state law counterclaims arise from the same employment relationship as the original claims over which the court has subject matter jurisdiction is insufficient to render the counterclaims compulsory");

Wagner v. East Coast Growers, No. 91-3714, 1991 WL 198557, at *2 (E.D. Pa. Sept. 30, 1991) (same).

Defendants argue that their counterclaims bear a logical relationship to Plaintiffs' claims because Plaintiffs' claims and Defendants' counterclaims generally involve considerations of the hours Plaintiff Wilson worked, the compensation Defendants paid Plaintiff Wilson, and the compensation to which Wilson was entitled. (Doc. No. 15 at 10.) However, while the claims and counterclaims do involve determinations of hours worked and compensation owed to Plaintiff Wilson, the hour and compensation determinations differ significantly for Plaintiffs' FLSA and state wage claims and Defendants' counterclaims against Plaintiff Wilson. In order for Plaintiffs to succeed on their FLSA and state law wage claims, they will need to establish the number of hours that they each worked as delivery drivers for forcibly pooled tips and the percentage of their tips that they were forced to pool. In contrast, Defendants' counterclaims require Defendants to prove, at a minimum, that Plaintiff Wilson intentionally or negligently misrepresented the number of hours he worked as a delivery manager. Despite some potential overlap of facts and witnesses, the fact that Defendants' counterclaims require proof of elements foreign to Plaintiffs' FLSA and wage claims means that separate trials would not "involve a substantial duplication of effort and time by the parties and the courts." Xerox Corp., 576 F.2d at 1059; see Cruz v. Winter Garden Realty, LLC, No. 6:12-cv-1098-orl-22KRS, 2012 WL 12909, at *8 (M.D. Fla. Nov. 27, 2012) (finding that because counterclaims of tortious interference with contractual relations, theft, and conversion required proof foreign to Plaintiff's FLSA claim (for example, Plaintiff's intent), there would not be substantial duplication of effort if parties were required to litigate the counterclaims separately); Goings v. Advanced Sys. Inc., No. 8:08-cv-1110-T-33TGW, 2008 WL 4195889, at *3 (M.D. Fla. Sept. 12, 2008) (finding

counterclaims not compulsory where facts necessary for proof of FLSA claim were distinct from facts necessary for proof of breach of contract counterclaim, and elements of proof for each claim were distinct).

Moreover, while Defendants posit that "[t]o the extent [Wilson] was overpaid as a result of his timesheet fraud, that overcompensation would presumably offset any liability premised on his own theory that he was undercompensated," (Doc. No. 15 at 10), this argument would be true for any set of claims and counterclaims for which opposing parties request damages; if both parties' claims are successful, then one parties' damages award could be offset by an award of damages to the opposing party. This fact does not necessarily mean that the claims involve similar factual and legal issues or that they are "offshoots of the same basic controversy between the parties." Xerox Corp., 576 F.2d at 1059. Accordingly, the Court finds that Defendants' counterclaims are not sufficiently related to Plaintiffs' claims so as to render the counterclaims compulsory, and therefore, the Court lacks subject matter jurisdiction over the counterclaims.

Furthermore, this Court finds that it does not have supplemental jurisdiction over Defendants' counterclaims pursuant to 28 U.S.C. § 1367(a). A court may exercise supplemental jurisdiction over a permissive counterclaim if the counterclaim forms "part of the same case or controversy." 28 U.S.C. § 1367(a). The Third Circuit has held that supplemental jurisdiction is proper if claims "derive from a common nucleus of operative facts." Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995). If so, the court must examine "whether the claims are such that the party would ordinarily be expected to try them all in a single judicial proceeding." Id. However, here, for the reasons discussed above regarding the factual differences involved in Plaintiffs' FLSA and state law wage claims and Defendants' fraud/misrepresentation claims against Plaintiff Wilson, and mindful of the Third Circuit's caution that district courts should apply a

9

"restrained view of the scope of federal jurisdiction" in cases dealing with a "rather narrow and specialized federal statute" like the FLSA, Lyon, 45 F.3d at 764, the Court finds that the claims are not "part of the same case or controversy." See Delendra v. Marine Transport Logistic Inc., No. 2:13-cv-00432, 2013 WL 5503305, at *3 (D.N.J. Sept. 30, 2013) (following Lyon and finding that, in the FLSA context, "[c]onferring supplemental jurisdiction to a counterclaim because it also relates to 'compensation' is on par with granting supplementary jurisdiction on the basis of an employee-employer relationship alone").

In the absence of supplemental jurisdiction under Section 1367(a), the Court need not reach the question of whether we "may decline to exercise supplemental jurisdiction over a claim under subsection (a)" pursuant to § 1367(c). Therefore, the Court will grant Plaintiffs' motion to dismiss Defendants' counterclaims against Plaintiff Wilson pursuant to Federal Rule of Civil Procedure 12(b)(1), without prejudice to Defendants' ability to refile those claims in state court.

**B. Plaintiffs' Motion for Leave to File a First Amended Complaint/Defendants' Motion to Strike and Deem Withdrawn Plaintiffs' Motion for Leave to File a First Amended Complaint**

As noted above, Plaintiffs filed a motion for leave to file a first amended complaint (Doc. No. 10), but failed to file a brief in support of the motion, causing Defendants to file a motion to strike and deem withdrawn Plaintiffs' motion (Doc. No. 16), for failure to comply with Local Rule 7.5. Local Rule 7.5 of the Rules of Court of the United States District Court for the Middle District of Pennsylvania provides: "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." M.D. Pa. L.R. 7.5  In accordance with Local Rule 7.5, the Court will deem Plaintiffs' motion for leave to file a first amended complaint (Doc. No. 10), withdrawn for failure to file a brief in support of

the motion. Consequently, the Court will deny Defendants' motion to strike Plaintiffs' motion for leave to file a first amended complaint (Doc. No. 16), as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' motion to dismiss Defendants' counterclaims against Plaintiff Wilson, deem Plaintiffs' motion for leave to file a first amended complaint withdrawn, and deny as moot Defendants' motion to strike Plaintiffs' motion for leave to file a first amended complaint. An Order consistent with this Memorandum follows.